IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **JANET PIZANA** § | | |
| **Plaintiff,** § | | |
| § | | |
| V. § | CIVIL ACTION NO. 1:25-CV-264 | |
| § | | |
| **ULTA SALON, COSMETICS &** § | | |
| **FRAGRANCE, INC., and** § | | |
| **MARIAN CHIRINOS** § | | |
| **Defendants.** § | | |

**PLAINTIFF'S AMENDED COMPLAINT**

### I.   PARTIES

1. Plaintiff, JANET PIZANA, is an individual and citizen of the State of Texas.

2. Defendant, ULTA SALON, COSMETICS & FRAGRANCE, INC., is a corporation organized under the laws of the State of Illinois with its principal place of business outside the State of Texas. Defendant has been duly served and has made an appearance herein.

3. Defendant, MARIAN CHIRINOS, is an individual who, upon information and belief, is a citizen of the State of Texas and may be served with process at her home at the following address: 762 Rey Jaime St, Brownsville, Texas 78521. Service of said Defendant as described above can be effected by personal delivery. At all relevant times, she was employed by ULTA SALON, COSMETICS & FRAGRANCE, INC. and was acting within the course and scope of her employment.

### II.   JURISDICTION

4. This action was removed to this Court pursuant to 28 U.S.C. § 1332 based upon diversity jurisdiction.

5. Plaintiff's joinder of Defendant MARIAN CHIRINOS destroys complete diversity of citizenship because both Plaintiff and Defendant MARIAN CHIRINOS are citizens of Texas.

6. Plaintiff amends her complaint to join Defendant MARIAN CHIRINOS, the Ulta employee directly involved in the incident made the basis of this lawsuit. Because both Plaintiff and Defendant CHIRINOS are citizens of Texas, her joinder eliminates complete diversity under 28 U.S.C. § 1332.

7. Plaintiff originally sued "Jane Doe" in state court because the identity of the employee involved was unknown at that time. Defendant's Rule 26 disclosures identified Marian Chirinos as the involved employee. Plaintiff promptly seeks to amend to substitute her in place of

Jane Doe.

### III. VENUE

8. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

### IV. FACTS

9. On or about May 5, 2025, Plaintiff JANET PIZANA was a business invitee at the Ulta location situated at 543 Morrison Road, Brownsville, Cameron County, Texas.

10. Plaintiff was receiving hair styling services from Defendant MARIAN CHIRINOS.

11. While Plaintiff was positioned at a wash station with her head tilted back and unable to see or protect herself, Defendant MARIAN CHIRINOS reached into an overhead cabinet to retrieve a product.

12. As Defendant CHIRINOS opened and manipulated the cabinet door, the door suddenly detached from its hinges and fell, striking Plaintiff on the head and body. The cabinet door detached because it was improperly secured and unstable.

13. Ulta employees had attempted to repair this same cabinet door earlier that day. The defective and unstable condition of the cabinet was therefore known, or in the exercise of ordinary care should have been known, to Defendant CHIRINOS and Ulta prior to the incident.

14. Despite this knowledge, Defendant CHIRINOS opened and utilized the cabinet while actively performing services on Plaintiff, without first ensuring that it was secure and without warning Plaintiff of the danger. In doing so, she directly created and/or exacerbated the risk of harm that resulted in Plaintiff being struck.

15. As a direct and proximate result, Plaintiff sustained serious bodily injuries, including injuries to her head and neck.

### V. PLAINTIFF'S CLAIMS OF NEGLIGENCE AGAINST DEFENDANT MARIAN CHIRINOS

16. Defendant MARIAN CHIRINOS owed Plaintiff a duty to exercise ordinary care under the circumstances.

17. Defendant MARIAN CHIRINOS breached that duty by:

   a. Utilizing a cabinet she knew or should have known was defective;

   b. Failing to inspect the cabinet before use;

   c. Failing to warn Plaintiff of the known danger;

   d.  Engaging in negligent activity while Plainitff was in a vulnerable position; and

   e.  Failing to make the area safe before performing services.

 18. Each of these acts and/or omissions constitutes negligence and was a proximate cause of Plaintiff's injuries.

### VI. PLAINTIFF'S CLAIMS OF NEGLIGENCE AND RESPONDEAT SUPERIOR AGAINST DEFENDANT ULTA SALON, COSMETICS & FRAGRANCE, INC.

 19. At all relevant times, Defendant MARIAN CHIRINOS was acting within the course and scope of her employment.

 20. Defendant ULTA is therefore liable under the doctrine of *respondeat superior*.

 21. However, in addition to liability under a theory of *respondeat superior*, Defendant ULTA was independently negligent in failing to:

   a.  Properly repair and maintain store fixtures;

   b.  Implement adequate safety procedures;

   c.  Warn customers of known hazards;

   d.  Supervise its employees; and

   e.  Ensure dangerous conditions were corrected before allowing services to continue.

### VII. PLAINTIFF'S CLAIM OF PREMISES LIABILITY (PLED IN THE ALTERNATIVE) AGAINST DEFENDANT ULTA SALON, COSMETICS & FRAGRANCE, INC.

 22. In the alternative, ULTA is liable under a premises liability theory.

 23. The improperly secured cabinet door constituted a dangerous condition.

 24. ULTA had actual and/or constructive knowledge of the condition and failed to make it reasonably safe or warn Plaintiff.

### VIII. PROXIMATE CAUSE

 25. Each and every, all and singular of the foregoing acts and omissions, on the part of the Defendants, taken singularly and/or collectively, constitutes a proximate cause of Plaintiff's injuries and damages set forth below.

## IX. DAMAGES FOR PLAINTIFF JANET PIZANA

26. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff JANET PIZANA, has incurred the following damages:

    a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas;

    b. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

    c. Physical pain and suffering in the past;

    d. Physical pain and suffering in the future;

    e. Mental anguish in the past;

    f. Mental anguish in the future;

    g. Physical impairment in the past;

    h. Physical impairment which, in all reasonable probability, will be suffered in the future;

    i. Disfigurement in the past; and

    j. Disfigurement in the future.

## X. PRAYER

27. For these reasons, Plaintiff JANET PIZANA asks for judgment against Defendants for the following:

    a. Plaintiff seeks damages (including punitive damages) over $1,000,000.00.

    b. Prejudgment and post judgment interest.

    c. Costs of suit.

    d. All other relief the Court deems appropriate.

Respectfully submitted,

**BEGUM LAW GROUP**

By: /s/ *Mario A. Cisneros*
Mario A. Cisneros
Federal Bar No. 2601122
2401 Wild Flower, Suite B
Brownsville, Texas 78526
E-mail: mcisneros@texaslegalgroup.com
Tel. (956) 982-1800
Fax. (956) 982-8602

**ATTORNEY IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I certify that on <u>February 23, 2026,</u> a copy of *Plaintiff's Amended Co*mplaint was *electronically filed* on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for Defendant, *Ulta Salon, Cosmetics & Fragrance, Inc*.

Sarah Smith
Dinsmore & Shohl
600 Travis, Suite 7350
Houston, Texas 77002
Tel: (346) 293-7878
Fax: (346) 293-7877
Email: sarah.smith@dinsmore.com

                                                  <u>/s/ *Mario A. Cisneros*</u>
                                                  Mario A. Cisneros