United States District Court
Southern District of Texas

**ENTERED**

April 22, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JANET PIZANA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:25-cv-264 |
| | § | |
| ULTA BEAUTY COSMETICS, LLC., | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO AMEND COMPLAINT AND TO REMAND TO STATE COURT

### I.    Synopsis

Before the Court is Plaintiff Janet Pizana's "Opposed Motion to Remand" (Dkt. No. 12); Defendant Ulta Salon, Cosmetics & Fragrance, Inc.'s "Response to Opposed Motion to Remand" (Dkt. No. 18); and Plaintiff's "Opposed Reply to Response to Opposed Motion to Remand" (Dkt. No. 20). Plaintiff seeks to amend her complaint to identify the Jane Doe Defendant, now known to be a citizen of Texas like Plaintiff. After considering the arguments from both parties and reviewing the applicable law, the Court finds granting Plaintiff leave to amend her complaint is proper. Because the amended complaint will destroy diversity jurisdiction, the Court further recommends remanding the case to state court.

### II.    Background

Plaintiff Janet Pizana is a citizen of Texas. Dkt. No. 1-2 at 4. Defendant Ulta is a citizen of Delaware and Illinois. Dkt. No. 1 at 2. In her original state court petition, Plaintiff alleges the following facts. Plaintiff alleges that on or about May 5, 2025, she was on the premises of Defendant's store located in Brownsville, Cameron County, Texas. Dkt. No. 1-2 at 6. Plaintiff alleges that she was injured on the premises while she had her hair rinsed

by an employee. *Id.* The employee reached into a cabinet which detached and fell, and the cabinet struck her on the head and body. *Id.*

### III.   Procedural History

Defendant Ulta removed this case from the 107th District Court in Cameron County, Texas on November 11, 2025. Dkt. No. 1.[1] Defendant asserted federal subject matter jurisdiction based on diversity jurisdiction because (1) there was complete diversity between Plaintiff and Ulta, and (2) the amount in controversy exceeded the jurisdictional minimum of $ 74,999.00. Dkt. No. 1 at 2. The Court held a status conference to determine whether the Court has subject matter jurisdiction. *See Minute Entry dated December 17, 2025*. For the reasons stated in the Court's order following the status conference (Dkt. No. 6)[2], the Court found it had subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332.

Plaintiff filed "Opposed Motion to Remand" (Dkt. No. 12)[3] on February 23, 2026, after the Court issued a scheduling order (Dkt. No. 11). Plaintiff states that she "seeks leave to file" her amended complaint "to substitute MARIAN CHIRINOS in place of 'Jane Doe' and assert claims against her arising from her direct involvement in the incident." Dkt. No. 12 at 1, ¶ 7. Plaintiff explains that she learned the identity of Jane Doe through Rule 26(a)(1) disclosures on February 11, 2026. Dkt. No. 12 at 1, ¶ 4. Plaintiff represents that she attempted to confer with Defendant regarding the Motion about ten days prior, but she had not received a response prior to filing. Dkt. No. 12 at 3.

The Court ordered Defendant to file a response to Plaintiff's Motion, so the Court could properly consider Defendant's interest in the choice of forum. Dkt. No. 15. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) (stating the Court should

---

[1] Defendant properly removed the case to the district and division within which the case was pending in state court. 28 U.S.C. § 1446(a).

[2] Defendant represented that the case involved an insurance policy which exceeds the jurisdictional minimum, and Plaintiff did not stipulate to damages under the jurisdictional minimum. Dkt. No. 6. Because Jane Doe was not named, the Court found the parties, who are citizens of different states, and the amount in controversy met the diversity requirement. Dkt. No. 6.

[3] While the docket sheet reflects the ttile "Opposed Motion to Remand," the actual document is titled "Plaintiff's Motion for leave to File First Amended Complaint." Dkt. No. 12.

consider whether to permit amendment "with input from the defendant")). Defendant filed a timely response. Dkt. No. 18. Defendant argues that granting leave to amend the complaint is futile because (1) "Plaintiff's proposed amendment is contrary to long held law in Texas surrounding negligent activity and premises liability claims" (Dkt. No. 18 at 1); and (2) more specifically, "Plaintiff fails to state a claim under Texas law" (Dkt. No. 18 at 6).

In her reply, Plaintiff argued, in part, that her complaint is sufficient to survive a 12(b)(6) analysis, because she alleges that the named employee "was directly involved in the accident and engaged in conduct that caused a cabinet door . . . to strike Plaintiff, resulting in injury." Dkt. No. 20 at 3.

Now, the Motion to Grant Leave to Amend Plaintiff's Complaint / Opposed Motion to Remand is ripe for the Court's consideration.

## IV.    Analysis

### A.    Diversity Jurisdiction

U.S. Courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1-2).

### B.    Amending a Pleading to Add a Non-Diverse Defendant

In *Hensgens v. Deere & Co*. the Fifth Circuit Court of Appeals set a standard requiring Courts to scrutinize closely a motion to amend a pleading which proposes "to add a nondiverse nonindispensable party." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). The Fifth Circuit reasoned that although Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave when justice so requires," when a plaintiff seeks to add a nondiverse defendant "justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Id.* Because the addition of a nondiverse party will determine the Court's continuance of its jurisdiction,

whether the Court permits amendment will determine whether the Court must remand the case or maintain jurisdiction. *Id.*[4]

### C.    The Hensgens Factors

In particular, the Court should consider the following: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Hensgens v. Deere & Co.*, 833 F.2d at 1182. *See also Pompa v. Wal-Mart Stores Texas, L.L.C.*, No. 5:21-CV-73, 2022 WL 16785430, at *3 (S.D. Tex. June 23, 2022), report and recommendation adopted sub nom. *Pompa v. Wal-Mart Stores Texas, LLC*, No. 5:21-CV-73, 2022 WL 5435484 (S.D. Tex. Oct. 7, 2022) (stating these four factors are "referred to as the Hensgens factors").

The Court's analysis below finds that the *Hensgens* factors weigh in favor of granting leave to amend.

### 1. The extent to which the purpose of the amendment is to defeat federal jurisdiction

The first *Hensgens* factor requires the Court to consider the purpose of the amendment, or the extent to which the purpose of the amendment is to defeat diversity jurisdiction. *Hensgens v. Deere & Co.*, 833 F.2d at 1182; *see Brown v. McDermott, Inc.*, 2012 WL 1135772, at *2 (E.D. La. Apr. 4, 2012), report and recommendation adopted, 2012 WL 1565521 (E.D. La. May 1, 2012). Two questions aid in this determination: "(1) whether the plaintiff knew the identity of the non-diverse defendant when the state court petition was filed and (2) whether the plaintiff has stated a valid claim against the nondiverse defendant." *Casey v. B H Mgmt. Servs. Inc.*, No. 5:18-CV-00947, 2021 WL 6077623, at *3 (W.D. La. Apr. 22, 2021). *See Richardson v. Wal-Mart Stores Texas, LLC*, 192 F. Supp. 3d 719, 726 (S.D. Tex. 2016) (analyzing the same two questions); *Pompa v.*

---

[4] "If [the Court] permits the amendment of the nondiverse defendant, it then must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction." *Hensgens v. Deere & Co.*, 833 F.2d at 1182.

*Wal-Mart Stores Texas, L.L.C.*, 2022 WL 16785430, at *3 (analyzing the same two questions).

The Court considers whether Plaintiff knew the identity of Jane Doe when she filed her state court petition. In the present case, Plaintiff originally filed her case in state court. In her original state court petition, Plaintiff claimed that "Jane Doe is a Texas resident." Dkt. No. 1-2 at 5. Plaintiff claimed she did not know the "true name of Defendant Jane Doe," so she sued Jane Doe by the fictitious name. Dkt. No. 1-2 at 5. During the Court's status conference, Plaintiff emphasized to the Court that she believed Jane Doe was a citizen of Texas but could not yet confirm her identity. *See the record for status conference held on December 17, 2025*. Plaintiff stated she expected to name Jane Doe after some discovery measures began. *Id.* Plaintiff, in her motion for leave to file her amended complaint, explains that she "first learned the identity of the Ulta employee directly involved in the incident made the basis of this lawsuit" after service of Defendant's Rule 26(a)(1) disclosures. Dkt. No. 12 at 1, ¶ 4.  Considering these facts, the Court finds that Plaintiff did not know the identity of Jane Doe when she filed her original state court petition.

Additionally, the Court also notes that considering Plaintiff's belief that Jane Doe was a Texas resident, there would have been no basis for Plaintiff to consider initiating a suit in a federal forum. Further, Defendant "does not content that . . . the amendment is sought in bad faith." Dkt. No. 18 at 1.

Next, the Court considers whether Plaintiff has stated a valid cause of action against Marian Chirinos, the nondiverse defendant she proposes to add. Defendant focuses its opposition to granting the amendment on the grounds that Plaintiff's amendment is futile.[5] The Fifth Circuit Court of Appeals has decided that a district court has the "discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). An amended complaint is futile if it states a claim upon which relief can be granted, or, put another way, if the amended complaint would not survive a

---

[5] Defendant Ulta argues that "Plaintiff's proposed amendment is contrary to long held law in Texas surround negligent activity and premises liability claims." Dkt. No. 18 at 1.

Rule 12(b)(6) motion. *SMH Enters., L.L.C. v. Krispy Krunchy Foods, L.L.C.*, 340 F.R.D. 554, 562 (E.D. La. 2022). Under Texas law, even if a Plaintiff asserts a premises liability claim, the employee may still be personally liable "if he breaches 'an independent duty of reasonable care' he owed to the injured party that is separate from the employer's duty." *Pompa v. Wal-Mart Stores Texas, L.L.C.*, 2022 WL 16785430, at *4 (internal quotation omitted).[6] A plaintiff can show a Defendant owed her an independent duty of reasonable care by showing Defendant "played a personal and active role in creating the dangerous condition at issue." *Flores v. Wal-Mart Stores Texas, L.L.C.*, No. CV B-16-73, 2016 WL 3794761, at *3 (S.D. Tex. June 17, 2016) (Morgan, J.), report and recommendation adopted, 2016 WL 3826288 (S.D. Tex. July 12, 2016) (Hanen, J.) (citation omitted).

In the present case, Defendant Ulta argues that Plaintiff's alleged injuries are "the result of [a condition on Ulta's property] rather than an activity" conducted on Ulta's property, and thus, "premises liability principles apply."[7] Dkt. No. 18 at 3. Plaintiff alleges in her amended complaint that Marian Chirinos used a cabinet she knew or should have known was defective. Dkt. No. 12-1 at 2. Plaintiff pleads that Marian Chirinos "opened and manipulated the cabinet door" (Dkt. No. 12 at 2, ¶12) and "opened and utilized the

---

[6] Judge Kazen summarized neatly the state law relevant to Plaintiff's complaint as follows:

> Under Texas law, an employee in a premises liability action is not personally liable for torts committed while acting in the course and scope of his employment. However, an employee may be personally liable if he breaches "an independent duty of reasonable care" he owed to the injured party that is separate from the employer's duty.

*Pompa v. Wal-Mart Stores Texas, L.L.C.*, 2022 WL 16785430, at *4.

[7] Defendant relies on the case *Occidental Chem. Corp. v. Jenkins* when making this argument. However, the Court notes that in *Occidental Chem. Corp.*, the Plaintiff was suing the former owner of the plant at which he worked, so the case does not present a case in which an employee played a personal and active role in creating the dangerous condition at issue. *Occidental Chemical Corp.*, 478 S.W.3d 640, 642-44 (Tex. 2016). Defendant also cites to and relies on *Austin v. Kroger Tex. L.P.*, which involves a case where an employee sues their employer for an accident incurred on the job and attempts to assert both an ordinary negligence theory and a premises liability against his employer. *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 195 (5th Cir. 2014). This case does not present a case in which a plaintiff seeks relief from a business and the business's employee. Defendant also cites to and relies on *United Scaffolding, Inc. v. Levine*, where an employee sues his employer and a general contractor hired by his employer for an injury from a slip and fall accident he incurred while on the job. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 472 (Tex. 2017). This case is also dissimilar to the present case. Further, in *United Scaffolding*, the Supreme Court of Texas declined " to completely eliminate the distinction between premises conditions and negligent activities." *Id.* at 472. Defendant's reliance on these cases is unpersuasive, because the factual scenarios are considerably dissimilar and the legal principles in these authorities do not apply directly to Plaintiff's case.

cabinet while actively performing services on Plaintiff." Accepting the well-pled facts as true for the purpose of this analysis, the Court finds that Plaintiff's amended complaint would survive a Rule 12(b)(6) motion, because these facts would show that Defendant Marian Chirinos played a personal and active role in creating the dangerous condition at issue. This showing would establish that Marian Chirinos owed an independent duty of reasonable care to Plaintiff, and, thus, can be held personally liable for Plaintiff's alleged injuries.

All considered, the Court finds Plaintiff does not seek to add a nondiverse defendant for the sole purpose of defeating diversity jurisdiction. Accordingly, the Court finds the first *Hensgens* factor weighs in favor of granting Plaintiff leave to amend her complaint.

### 2. Whether plaintiff has been dilatory in asking for amendment

The second *Hensgens* factor requires the Court to consider whether Plaintiff sought diligently to amend her complaint. *Hensgens v. Deere & Co.*, 833 F.2d at 1182. In the present case, Plaintiff filed her Motion for Leave to File her amended complaint about twelve days after learning the identity of Jane Doe from Defendant's Rule 26(a)(1) disclosures. Dkt. No. 12 at 1, ¶ 4. Court typically considered seeking amendment after discovering new information indicative that the Plaintiff did not engage in dilatory conduct. *See Cinco Bayous, LLC v. Samson Expl., LLC*, 2020 WL 4922329, at *5 (E.D. Tex. Aug. 20, 2020) (collecting cases). Plaintiff adds that she attempted to confer with opposing counsel to seek consent to file the amended complaint the day after learning Jane Doe's identity. *Id.* at 1, ¶ 5. Significantly, Defendant Ulta "does not content that Plaintiff is guilty of undue delay . . . or the amendment is sought in bad faith." Dkt. No. 18 at 1.

Further, Plaintiff amended her complaint within the deadline set by the Court and agreed to by the parties; no dispositive motions have been filed and the deadline to do so is about one year away; and no trial date has been set in this case. *See* Dkt. No. 11 (Scheduling Order). If there has not been "'significant activity beyond the pleading stage,' " or if "'no trial or pre-trial dates were scheduled,' " courts typically do not consider Plaintiff to have been dilatory in seeking amendment. *Am. Legend Homes v. Navigators Specialty Ins. Co.*, 2019 WL 5721634, at *3 (E.D. Tex. Nov. 5, 2019) (internal citation omitted). *See*

*also B.A. Kelly Land Co. LLC v. Aethon Energy Operating LLC,* No. 5:18-CV-01243, 2019 WL 13115363, at *3 (W.D. La. Dec. 20, 2019), <u>aff'd sub nom.</u> *B. A. Kelly Land Co., L.L.C. v. Aethon Energy Operating, L.L.C.,* 25 F.4th 369 (5th Cir. 2022) (finding the delay dilatory where Plaintiff filed motion to amend thirteen months after initial complaint).

All considered, the Court finds Plaintiff diligently sought to amend her complaint.

### *3. Whether plaintiff will be significantly injured if amendment is not allowed*

The third *Hensgens* factor requires the Court to consider whether Plaintiff will be significantly injured if amendment is not allowed. *Hensgens v. Deere & Co.*, 833 F.2d at 1182. Under this factor, courts consider whether the current defendant would be able to satisfy a future judgment. *Pompa v. Wal-Mart Stores Texas, L.L.C.*, 2022 WL 16785430, at *5 (citing *Anzures v. Prologis Texas I LLC*, 886 F. Supp. 2d 555, 565 (W.D. Tex. 2012) (stating the same))). In the present case, the record does not indicate that Defendant Ulta will be unable to satisfy a future judgment.

However, a court's primary concern under this factor is "whether denying the amendment would create inconsistent or inefficient parallel proceedings between state and federal courts." *Pompa v. Wal-Mart Stores Texas, L.L.C.*, 2022 WL 16785430, at *5 (citation omitted). As discussed in the Court's analysis of the first *Hensgens* factor, the Court finds that Plaintiff has stated a facially plausible cause of action against Marian Chirinos under Texas law. For this reason, Plaintiff could pursue a claim against this Defendant alone in state court, presenting a risk of creating a parallel proceeding between a federal court and a state court. *See Cinco Bayous, LLC v. Samson Expl., LLC*, No. 1:19-CV-452, 2020 WL 4922329, at *5 (E.D. Tex. Aug. 20, 2020) (stating "several district courts have concluded that the potential for parallel proceedings weighs in favor of granting leave to amend.").

Because of the risk of parallel lawsuits, the Court finds Plaintiff is likely to face prejudice if her amendment is denied.

### 4. Factors Bearing on the Equities

The fourth *Hensgens* factor requires the Court to consider any other factors bearing on the equities. *Hensgens v. Deere & Co.*, 833 F.2d at 1182. Courts have noted that the first three *Hensgens* factors already protect "considerations of fairness and judicial economy." *Am. Legend Homes*, 2019 WL 5721634, at *5; *Pompa v. Wal-Mart Stores Texas, L.L.C.*, 2022 WL 16785430, at *5. Notably, Defendant Ulta "does not contend that . . . Ulta will be prejudiced if the Court allows this amendment." Dkt. No. 18 at 1. Lastly, the Court reiterates that the record shows no evidence suggesting Plaintiff's bad faith, and Ulta does not contend this issue.

All considered, the Court finds this factor weighs neutrally because neither party has offered an equitable reason not already considered under the first three factors to support their position. *See Pompa v. Wal-Mart Stores Texas, L.L.C.*, 2022 WL 16785430, at *6.

In conclusion, the Court finds the first three Hensgens factors weigh in favor of granting Plaintiff's motion to amend her complaint. For this reason, the Court recommends granting Plaintiff's motion for leave to amend her complaint. Because granting leave to amend Plaintiff's complaint would destroy diversity jurisdiction, it is further recommended the Court remand the case. *Hensgens v. Deere & Co.*, 833 F.2d at 1182.

## V.    Recommendation

It is recommended that the Court (1) **GRANT** Plaintiff's Opposed Motion to Remand / "Plaintiff's Motion for Leave to File First Amended Complaint" (Dkt. No. 12) and (2) **ORDER** that this case is remanded to the 107th District Court in Cameron County, Texas.

## VI.    Notice to the Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District assigned to this case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The

District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs.*, L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

Signed on April 22, 2026.

*Karen Betancourt*
Karen Betancourt
United States Magistrate Judge