UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JANET PIZANA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:25-CV-264 |
| | § | |
| ULTA BEAUTY COSMETICS, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

Plaintiff Janet Pizana seeks leave to amend her original state-court Petition to change Defendant Jane Doe to Defendant Marian Chirinos, a non-diverse party whose identity Pizana obtained after filing her lawsuit. (Mot. to Amend, Doc. 12)  Defendant Ulta Salon, Cosmetics & Fragrance, Inc.,[1] which employs Chirinos, opposes the Motion to Amend on the grounds that the proposed amendment would be futile, as Pizana could not state a viable claim against Chirinos.

A Magistrate Judge issued a Report and Recommendation recommending that the Court grant the pending motion, but re-characterizing it as one to remand, on the grounds that allowing leave to amend the pleading would defeat diversity jurisdiction and require remand of this matter. (R&R, Doc. 21)  Ulta timely filed Objections (Doc. 22).

"When a party objects to a Report and Recommendation, the district court applies *de novo* review as to the objected-to portions of the Report and Recommendation. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

As a threshold matter, Ulta objects to the Report and Recommendation's characterization of the Motion to Amend as a motion to remand.  The Court recognizes that Pizana presents a "Motion for Leave to File First Amended Complaint," but agrees with the Report and Recommendation that the analysis regarding that motion overlaps significantly with the Court's

---

[1] Ulta claims that Pizana incorrectly names the company as "Ulta Beauty Cosmetics, LLC." (Objs., Doc. 22, 1)

consideration of whether it possess subject matter jurisdiction.  No party disputes that Chirinos is a Texas resident and that her addition as a named defendant would defeat complete diversity. Thus, the Report and Recommendation correctly applies the *Hensgens* factors, which govern when a proposed amendment would add a non-diverse, non-indispensable party. (R&R, Doc. 21, 3 (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).  Under that test, a court considers, in part, whether the plaintiff presents a viable claim against the non-diverse defendant. Similarly, a defendant can remove a lawsuit despite the existence of a non-diverse defendant on the grounds that the plaintiff has fraudulently joined the non-diverse defendant to defeat diversity jurisdiction. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).  And if the plaintiff moves to remand, the court considers whether the claim against the non-diverse defendant would survive a motion under Federal Rule of Civil Procedure 12(b)(6), analogous to the analysis under *Hensgens*.  Thus, while Pizana presents a Motion to Amend, the motion naturally raises issues concerning the Court's jurisdiction over this lawsuit.  And "federal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction sua sponte if not raised by the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).  In the end, the Court will consider the *Hensgens* factors to resolve Ulta's objections to the recommendation to grant Pizana leave to amend her pleading.  But in doing so, the Court will be conducting a substantively-similar analysis applicable to the fraudulent-joinder doctrine.

Ulta objects to the Report and Recommendation's application of the *Hensgens* factors, arguing principally that Pizana fails to present a cognizable claim against Chirinos because Pizana "actually brings a cause of action under premises liability[,]" and Texas law does not recognize such a claim against Chirinos. (Objs., Doc. 22, 5)  The Court disagrees with Ulta's characterization of Pizana's claim against Chirinos.  In both the original state-court Petition, and in the proposed Amended Complaint, Pizana alleges that Chirinos (initially, "Jane Doe") independently acted negligently by knowingly using a defective cabinet in a manner that caused the alleged injury. (*See*

Pet., Doc. 1–2, 8; Am. Compl., Doc. 12–1, 2–3)  In other words, Pizana does not merely allege that Ulta created a defective condition that led to her injuries.  She also alleges that Chirinos/Jane Doe independently acted negligently.  The Report and Recommendation correctly reached the same conclusion.  As a result, Pizana's proposed claim against Chirinos–which mirrors the cause of action against "Jane Doe" in the original state-court Petition–is not futile.  And the Court likewise agrees with the Report and Recommendation's application of the remaining *Hensgens* factors.

For these reasons, the Court **OVERRULES** Defendant's objections to the Report and Recommendation (Doc. 21), which the Court **ADOPTS**.

As a result, it is:

**ORDERED** that Plaintiff Janet Pizana's Motion for Leave to File First Amended Complaint (Doc. 12) is **GRANTED**.

The Clerk of Court is directed to file Plaintiff's Amended Complaint (Doc. 12–1) as a separate CM/ECF entry.

Signed on May 19, 2026.

Fernando Rodriguez, Jr.
United States District Judge